# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:11cr208 |
| | § | Case No. 4:11cr209 |
| | § | (Judge Schell) |
| RONNIE LYNN BECK | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court are the requests for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 10, 2012, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Jay Johnson.

On July 31, 2007, Defendant was sentenced by the Honorable Robert Junell to forty-two (42) months' custody followed by three (3) years of supervised release for the offense of Conspiracy to Make, Pass and Utter Counterfeit Securities in Case No. 4:11cr208. Also on July 31, 2007, Judge Junell sentenced Defendant to forty-two (42) months' custody followed by twelve (12) years of supervised release for the offense of Aiding and Abetting Distribution of a Detectable Amount of Methamphetamine within 1,000 Feet of a Playground in Case No. 4:11cr209. The sentence in 4:11cr209 was to run concurrent to the sentence in 4:11cr208. On April 30, 2010, Defendant completed his period of imprisonment in both cases and began service of his supervised term. The case was transferred to the Eastern District of Texas and assigned United States District Judge Richard A. Schell.

On November 17, 2011, the U.S. Probation Officer executed a Petition for Warrant for Offender Under Supervision in each case. The petitions asserted that Defendant violated various

mandatory, standard, and special conditions. Violation allegations two, three, four, five, six, seven, eight, nine, and ten were dismissed by the Government. The petitions also alleged violation of the following additional mandatory condition: the defendant shall not commit another federal, state, or local crime.

The petitions allege that Defendant committed the following acts with regard to the remaining violation: (1) On October 27, 2011, Defendant was charged with Obstruction/Retaliation, a Third Degree Felony, in Fannin County, Texas. On November 14, 2011, Defendant was convicted and sentenced to five years' imprisonment.

Prior to the Government putting on its case, Defendant entered a plea of true to the remaining violation in each case. The Court finds that Defendant committed a crime of violence, making it a Grade A violation.

## **RECOMMENDATION**

In Case No. 4:11cr208, the Court recommends that the District Judge revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months to run consecutively with any sentence imposed in Case 4:11cr209, with no supervised release to follow.

In Case No. 4:11cr209, the Court recommends that the District Judge revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of thirty (30) months to run consecutively with any sentence imposed in Case 4:11cr208, with no supervised release to follow.

It is also recommended that Defendant be housed in the Bureau of Prisons, Texarkana Unit.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 12th day of January, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE